**BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, Petitioner,**

v.

**John R. JOLLEY, Respondent.**

**No. D–90–10.**

Supreme Court of Wyoming.

Feb. 7, 1991.

## ORDER IMPOSING PUBLIC CENSURE AND ASSESSING COSTS

The Board of Professional Responsibility of the Wyoming State Bar on December 12, 1990, presented this Court its Report charging respondent, an attorney regularly admitted to the practice of law in the State of Wyoming, with professional misconduct. A Stipulation of Facts was entered into between the Board of Professional Responsibility and respondent upon which the Board of Professional Responsibility recommended that a public censure be imposed upon respondent for his conduct and that respondent be assessed the costs incurred by the Board of Professional Responsibility in the amount of $364.48.

The findings of fact of the Board of Professional Responsibility authenticated by the Stipulation of Facts entered into by the parties stated in part:

1. The Respondent is subject to the jurisdiction of this Board pursuant to Rule I of the Amended Rules Relating to the Disciplinary Code for the Wyoming State Bar.

2. Respondent, in the course of representing a criminal defendant who had been incarcerated and in attempting to obtain her release, swore at a justice of the peace over the telephone when the

justice of the peace refused to release the defendant.

3. Respondent's conduct violated Rules 8.4(d) and 4.4 of the Rules of Professional Conduct. Said Rules provide as follows:

Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to ...:

(d) engage in conduct that is prejudicial to the administration of justice....

Rule 4.4. Respect for rights of third persons.

In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person....

4. Respondent, in representing an incarcerated defendant and in attempting to obtain her release, became argumentative with a justice of the peace over the telephone and told the justice of the peace that unless his client was released from jail, either he or his client would sue the county, demand a jury trial, and cause everyone as much trouble and expense as he could.

5. Respondent's conduct violated Rules 8.4(d) and 4.4 of the Rules of Professional Conduct. Said Rules provide as follows:

Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to ...:

(d) engage in conduct that is prejudicial to the administration of justice....

Rule 4.4. Respect for rights of third persons.

In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person....

6. Respondent was present at the place of business of a client upon whom a lawful execution was being served by an undersheriff in the course of his normal duties. Respondent became agitated and told the undersheriff that the execution was not worth the paper it was written on and the execution was torn. Respondent further told the undersheriff that if the undersheriff attempted to possess any of the client's property that he, the Respondent, would see that the undersheriff would be sued personally.

7. Respondent's conduct violated Rules 8.4(d) and 4.4 of the Rules of Professional Conduct. Said Rules provide as follows:

Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to ...:

(d) engage in conduct that is prejudicial to the administration of justice....

Rule 4.4. Respect for rights of third persons.

In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person....

8. In his application for admission to the Wyoming State Bar, Respondent * * * stated on said application that he had previously been arrested for assault and battery when in fact he had previously been arrested for assault and battery or assault with the intent to commit the crime of rape.

\* \* \* \* \* \*

10. Respondent's conduct violated Rule 8.4(c) of the Rules of Professional Conduct. Said Rule provides as follows:

Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to ...:

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation....

11. Respondent's misconduct with respect to the two justices of the peace and the undersheriff was a violation of his duty owed to the legal system.

The Board of Professional Responsibility further found that there were no aggravating or mitigating factors presented.

The Court, having carefully considered the file and record submitted herein, here-

by adopts as part of this Order, and attaches hereto, the Report of the Board of Professional Responsibility, and finds that the public censure as recommended by the Board is appropriate. It is, therefore,

ORDERED that the Report of the Board of Professional Responsibility of the Wyoming State Bar be, and it is hereby, approved; and it is

FURTHER ORDERED that John R. Jolley be, and he is hereby, publicly censured for professional misconduct in violation of Rules 8.4(c) and (d) and 4.4 of the Rules of Professional Conduct; and it is

FURTHER ORDERED that the costs of the Board of Professional Responsibility of the Wyoming State Bar incurred in connection with the investigation and disciplinary proceedings in this instance in the amount of $364.48 be, and they hereby are, assessed against the respondent, John R. Jolley, to be paid to the Wyoming State Bar Board of Professional Responsibility pursuant to Rule XXIII of the Disciplinary Code for the Wyoming State Bar, and it is

FINALLY ORDERED that the clerk of the Court docket the Report and all supporting papers of the Board of Professional Responsibility of the Wyoming State Bar, as well as this order, as a matter coming regularly before this Court as a public record.

### Appendix

State of Wyoming

SS.

County of Laramie

Before the Board of Professional Responsibility Wyoming State Bar State of Wyoming

In re John R. Jolley, Respondent.

Docket No. 97–88

### REPORT

A COMPLAINT FOR FORMAL DISCIPLINARY PROCEEDINGS was filed against Respondent on July 25, 1990. An ANSWER was filed by Respondent's attorney on August 8, 1990. Since that time, negotiations between Bar Counsel and Respondent's counsel have occurred, and on November 26, 1990 a STIPULATION OF FACTS was entered into between counsel. Said STIPULATION OF FACTS was also signed by the Respondent.

The record in this matter which is being transmitted with this REPORT is attached hereto and incorporated herein by reference, and consists of the following: the COMPLAINT FOR FORMAL DISCIPLINARY PROCEEDINGS; Respondent's ANSWER; NOTICE OF SETTING; and STIPULATION OF FACTS. Said record is attached hereto and incorporated herein by reference.

The Board hereby adopts and incorporates by reference the attached STIPULATION OF FACTS and finds each and every one of them as if recited individually herein. The Board further finds the following:

1. The Respondent is subject to the jurisdiction of this Board pursuant to Rule I of the Amended Rules Relating to the Disciplinary Code for the Wyoming State Bar.

2. Respondent, in the course of representing a criminal defendant who had been incarcerated and in attempting to obtain her release, swore at a justice of the peace over the telephone when the justice of the peace refused to release the defendant.

3. Respondent's conduct violated Rules 8.4(d) and 4.4 of the Rules of Professional Conduct. Said Rules provide as follows:

Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to ...:

(d) engage in conduct that is prejudicial to the administration of justice....

Rule 4.4. Respect for rights of third persons.

In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person....

4. Respondent, in representing an incarcerated defendant and in attempting to obtain her release, became argumentative with a justice of the peace over the telephone and told the justice of the peace that unless his client was released from jail,

either he or his client would sue the county, demand a jury trial, and cause everyone as much trouble and expense as he could.

5. Respondent's conduct violated Rules 8.4(d) and 4.4 of the Rules of Professional Conduct. Said Rules provide as follows:

Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to ...:

(d) engage in conduct that is prejudicial to the administration of justice....

Rule 4.4. Respect for rights of third persons.

In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person....

6. Respondent was present at the place of business of a client upon whom a lawful execution was being served by an undersheriff in the course of his normal duties. Respondent became agitated and told the undersheriff that the execution was not worth the paper it was written on and the execution was torn. Respondent further told the undersheriff that if the undersheriff attempted to possess any of the client's property that he, the Respondent, would see that the undersheriff would be sued personally.

7. Respondent's conduct violated Rules 8.4(d) and 4.4 of the Rules of Professional Conduct. Said Rules provide as follows:

Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to ...:

(d) engage in conduct that is prejudicial to the administration of justice....

Rule 4.4. Respect for rights of third persons.

In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person....

8. In his application for admission to the Wyoming State Bar, Respondent negligently stated on said application that he had previously been arrested for assault and battery when in fact he had previously been arrested for assault and battery or assault with the intent to commit the crime of rape.

9. Respondent's conduct in misrepresenting the prior criminal charge on his application for admission to the Wyoming State Bar was negligent rather than intentional.

10. Respondent's conduct violated Rule 8.4(c) of the Rules of Professional Conduct. Said Rule provides as follows:

Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to ...:

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation....

11. Respondent's misconduct with respect to the two justices of the peace and the undersheriff was a violation of his duty owed to the legal system.

12. The American Bar Association's *Standards for Imposing Lawyer Sanctions*, at sec. 6.23, provides:

Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

13. While this section is not precisely on point because Respondent did not violate a court order or rule, the misconduct referred to above was an interference with the legal process and is applicable by analogy.

14. With regard to the misconduct in filling out his application for admission to the Wyoming State Bar, Respondent violated a duty he owed to the legal profession.

15. The American Bar Association's *Standards for Imposing Lawyer Sanctions*, at sec. 7.3, provides:

Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.

16. In the American Bar Association's *Standards for Imposing Lawyer Sanc-*

*tions* at sec. 2.5, reprimand is defined as follows:

Reprimand, also known as censure or public censure, is a form of discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice.

17. The Board finds there are no aggravating or mitigating factors present in this matter.

18. In consideration of the entire record in this matter, it is the opinion of this Board that Respondent be publicly censured for his four violations of the Rules of Professional Conduct.

WHEREFORE, it is the recommendation of this Board that a public censure be imposed upon the Respondent for his conduct in this matter, and that Respondent be assessed the costs incurred by the Board in this matter in the amount of $364.48.

Dated this 12th day of December, 1990.

Respectfully submitted,
/s/ Dean W. Borthwick
Dean W. Borthwick,
Chairman
Wyoming State Bar
Board of Professional
Responsibility
P.O. Box 109
Cheyenne, WY 82003
(307) 632–9061